OPINION
Plaintiff-Appellant, the State of Ohio, appeals the April 19, 2000, Judgment Entry of the Canton Municipal Court which granted Defendant-Appellee Larry Cricks, II's Motion to Suppress and dismissed all counts against Defendant-Appellee.
 STATEMENT OF THE FACTS AND CASE
On January 24, 2000, Defendant-Appellee Larry Cricks, II [hereinafter Appellee] was arrested for failure to display an operators license, in violation of Canton City Ordinance 335.06. In addition, Appellee was cited for no seat belt, in violation of Canton City Ordinance 337.29, and drug abuse, in violation of R.C. 2925.11. On January 26, 2000, Appellant was arraigned, entering a plea of not guilty. On March 21, 2000, Appellee filed a Motion to Suppress based upon his contention that the traffic stop was without reasonable, articulable suspicion. A hearing on the motion was held on April 14, 2000. The following facts were adduced at the hearing: On January 24, 2000, at approximately 10:50 P.M. a Canton police officer noticed a Ford Mustang pass in the other lane of travel. Although the officer noted no traffic offenses, the officer ran a check of the license plate. The teletype operator informed the officer that the owner of the Mustang had a suspended driver's license. The officer was informed that the owner of the vehicle was a male, approximately six feet tall, weighing 170 pounds whose name was Larry Henderhan. While traveling "a couple car lengths" behind the Mustang, the officer saw the driver through the small rear window of the convertible top of the Mustang. The officer noted the driver was male. The officer testified that although the description of the Mustang owner was "generic", the driver of the Mustang appeared to match that description to the officer. The officer effectuated a traffic stop. The driver, Appellee, identified himself as Larry Cricks. However, Appellee did not have a driver's license or any other form of identification with him. Appellee was arrested for failure to display a operator's license and transported to the Stark County Jail. While at the jail, jail personnel described Appellee as 5'11" and 200 pounds and confirmed that Appellee was Larry Cricks. It is from the April 19, 2000, Judgment Entry that Appellant appeals, raising the following assignment of error:
 THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION TO SUPPRESS EVIDENCE AS THE OFFICER HAD ARTICULABLE AND REASONABLE SUSPICION TO STOP APPELLEE'S VEHICLE.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an Appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning (1982), 1 Ohio St.3d 19,437 N.E.2d 583; State v. Klein (1991), 73 Ohio App.3d 486,597 N.E.2d 1141; State v. Guysinger (1993), 86 Ohio App.3d 592,621 N.E.2d 726. Second, an Appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an Appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172; State v. Claytor (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; and State v. Guysinger (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. Appellant claims that the trial court erred in granting Appellee's motion to suppress evidence as the officer had articulable and reasonable suspicion to stop Appellee's vehicle. We disagree. The trial court held that the officer did not have reasonable suspicion to stop the vehicle Appellee was driving, in part, based upon a factual finding that "Larry Cricks does not look like a man who weighs only 170 pounds." Therefore, the trial court sustained the Appellee's motion to suppress. Appellee contends that we should review this issue under the de novo standard of review as is applied when a party appeals the ultimate or final issue raised in the motion to suppress. However, we find that Appellant's appeal is based upon a factual finding made by the trial court. Therefore, as this is actually a question of fact, we shall consider whether the trial court's factual finding was against the manifest weight of the evidence. "[W]hen an officer runs a check of a vehicle's license plate, and learns the owner's license is suspended, the officer may rationally infer that the owner of the vehicle is likely to be driving the vehicle, giving rise to a reasonable and articulable suspicion to justify stop." State v. McClain (Dec. 8, 1997), Stark App. No. 1997CA00125, unreported (citing State v. Powell (Feb. 24, 1993), Ashland App. No. 1021, unreported). However, if the officer sees the driver and can tell that his or her physical description does not match the description given of the vehicle owner, the inference that the driver of the vehicle is the owner is no longer rational, and the officer may lack reasonable suspicion to stop the vehicle. State v. Yeager (Sept. 24, 1999), Ross App. No. 99CA2492, unreported, 1999 WL769965 (citing Terry v. Ohio (1968), 392 U.S. 1, 21-22, 88 S.Ct. 1868, 20 L.Ed.2d 889
and State v. Freeman (1980), 64 Ohio St.2d 291, 294,414 N.E.2d 1044). In the case sub judice, the officer stopped the vehicle solely because the owner of the vehicle in question had a suspended driver's license. The car was registered to a Larry Henderhan who was described as being approximately six feet tall and weighing one hundred and seventy pounds. Appellee, Larry Cricks, II, is five feet eleven and weighs two hundred pounds. The trial court found that appellee did not look like a man that weighs only 170 pounds. Based upon the evidence before this court, we will not disturb the trial court's findings. We find that the trial court's factual findings were not against the manifest weight and, therefore, affirm the trial court's grant of the motion to suppress. Appellant's sole assignment of error is overruled. Therefore, the judgment of the Canton Municipal Court is affirmed.
By Reader, V.J. Gwin, P.J. and Wise, J. concurs